Harry E. Schirick, J.
This application is made pursuant to article 78 of the Civil Practice Act to review the determination of the State Tax Commission which rejected the petitioners’ claim for a refund of .stock transfer tax paid by them. The respondents have moved to dismiss the petition for failure to set forth facts upon which any relief may be granted.
The facts set forth in the petition are as follows: On March 24, 1953 the petitioners, as fiduciaries, owned .shares of stock which they held in the name of certain nominees. On that day they determined to add an additional nominee and to provide that these should hold as joint tenants with right of survivorship. Upon delivering the certificates to transfer agents, they failed to annex certificates thereto setting forth the nature of the transaction. Instead they paid the stock transfer tax which would be applicable to an ordinary transfer of stock.
The tax is levied by section 270 of the Tax Law. Paragraph (d) of subdivision 5 of the statute provides, however, as follows:
‘‘ 5. The tax imposed by this section shall not apply to the following, provided the transaction in each case is accompanied by a certificate setting forth the facts or such other certificate or record as the tax commission may require:
“ (d) Transfers of certificates from the name of a fiduciary to a nominee of such fiduciary, or from one nominee of such *433 fiduciary to another, provided the same continue to be held by such nominee or nominees for the same purpose for which they would be held if retained by such fiduciary, or from the nominee to such fiduciary. ’ ’
The issue here is whether exemption can be granted in the absence of a certificate accompanying the transaction, in compliance with the foregoing section.
Exemption from tax must find express statutory sanction. Compliance with the letter of the law as well as its spirit is required. (Lawrence-Smith School v. City of New York, 166 Misc. 856, affd. 255 App. Div. 762, affd. 280 N. Y. 805.)
To permit a refund as here requested would create uncertainties in the State’s revenues which the statute seeks to eliminate by requiring the claim for exemption to be made at the moment of the transfer. The obvious intent is to avoid collection of funds which must subsequently be surrendered.
Nee v. United Funds (169 F. 2d 33) is authority for the determination here reached.
The proceeding is dismissed.